[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's ward, Edwin Mitchell, brought this action to seek damages for injuries sustained while he was a resident at Norwich State Hospital in November of 1993. It is undisputed that Mr. Mitchell sustained injury to the tip of his left index finger which required amputation and four stitches.
The defendant filed its second amended answer on July 16, 2001, in which it conceded the issue of liability, leaving the plaintiff to his proof as to the nature and extent of the injuries and damages to his ward. The plaintiff objected to that amended answer and filed a motion to preclude both dated August 1, 2001. The court overrules both objection to the amended answer and to the motion to preclude on the grounds that they were timely filed under all of the facts and circumstances in this case even though not filed until sixteen days before trial. However, the setoff claim was well-known to the plaintiff and he cannot assert any surprise to that.
The plaintiff also moved to preclude the defendant from presenting or offering any evidence on its claim of setoff on the ground that the defendant admitted it had no defense to the plaintiff's claim by failing to file responses to the plaintiff's request for admissions with the court. The plaintiff claims that such filing is required by Connecticut Practice Book § 13-23(a). The court reserved judgment on both of these motions, the objection to the request for leave and the motion to preclude and did permit the defendant to offer evidence on its claim of setoff.
The plaintiff claimed medical bills of $305.00 and offered no evidence of noneconomic damages, however, it did claim $50,000 noneconomic damages. The defendant presented evidence to substantiate its claim for setoff in the amount of $1,619,636.45. The defendant claims that it did respond to the request for admissions although it acknowledges that it did not file a copy with the court. It claims that pursuant to C.G.S. §§ 17b-224 and 17b-93 it is entitled to setoff the full extent of the plaintiff's per capita cost of care at Norwich Hospital evidence of which was presented at trial.
Regarding the motion to preclude, the defense asserts that it did serve its responses on the plaintiff on or about May 23, 2001. The plaintiff claims that because the responses were not filed with the court, each matter of the request is deemed admitted. A review of the language in CT Page 15542 Connecticut Practice Book § 13-23(a) read in connection with other Practice Book sections supports the conclusion that the defendant did serve a timely response to the plaintiff's request and that clearly there is no requirement to file a copy to said responses with the court.
Connecticut practice Book § 13-22 entitled Admission of Facts and Execution of Writings; Requests for Admissions states in pertinent part:
 (a) A party may serve in accordance with Sections 10-12
through 10-17 upon any other party a written request for admission, for purposes of the pending action only, of the truth of any matters relevant to the subject matter of the pending actions set forth in the request that relate to statements or opinions of fact, including the existence, due execution and genuineness of any documents described in that request . . .
 (b) The party serving such request shall not file it with the court but instead shall file notice with the court which states that the party has served a request for admission on another party, the name of the party to whom the request has been directed and the date upon which service in accordance with Sections 10-12
through 10-17 was made.
Section 13-23 states in pertinent part:
 (a) Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Section 13-22 (b), or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection shall be inserted directly on the original request . . . The responding party shall attach a cover sheet to the response which shall comply with Sections 4-1 and 402 and shall specify those requests to which answers and objections are addressed. (Emphasis added.)
The court finds, therefore, that the Practice Book section clearly states that a written answer objection is to be served on the party not the court. The court finds that even though there is a duty to file a cover sheet with the court stating that the responses were filed, that this does not require the court to find that the defendant did not CT Page 15543 respond to the plaintiff's request for admissions in a timely and appropriate fashion, and that the defendant did assert a claim for setoff against any recovery by the plaintiff as well as interpose the defense to the plaintiff's claims. Accordingly, the court denies the motion to preclude and allows the answers to that to stand.
The plaintiff also filed an objection to the defendant's request for leave to file an amended answer. Defendant filed an amended answer on July 16, 2001. By way of this second amended answer defendant conceded liability and left the plaintiff to his proof to damages and then simply added more specificity with regard to the plaintiff's claim for setoff. However, the defendant had already pled a claim for setoff in its first amended answer, dated May 9, 2001. The court finds that the plaintiff was not prejudiced by the second amended answer. As for the setoff claim, the defendant added dates for the ward's admission and discharge from Norwich State Hospital and changes the setoff figure by a few thousand dollars.
Accordingly, the court finds that the state is entitled to setoff equal to the full amount of the assistance rendered. The evidence presented by the defendant shows that the itemized statement of charges on behalf of the plaintiff totaled $1,619,636.45. That is the balance owed by the plaintiff to the State of Connecticut for the cost of care provided. Under C.G.S. § 17b-224, the state is entitled to full reimbursement for the cost of care provided to a patient of a state humane institution.
The extent of Mitchell's liability for this amount is subject to the provisions of C.G.S. §§ 17b-93 and 17b-95. C.G.S. § 17b-93 is applicable in this case. A plain reading of the statute holds that if a beneficiary of aid such as Mr. Mitchell acquires property of any kind, such as proceeds from the case, the State of Connecticut shall have a claim which shall have priority over all other claims against Mr. Mitchell for the full amount paid for his capital cost of care at a state humane institution, subject to the provision of § 17b-94.
Ordinarily § 17b-94 limits the amount of the state's recovery against the plaintiff to the full amount of assistance paid or 50% of the proceeds from a judgment after payment of attorney's fees and costs which ever is less. However, in this case, the plaintiff did not bring an action against a third party and recover damages but rather brought this action against the state which is the alleged tortfeasor. In this case, the state has a statutory right to claim a full setoff the full amount of assistance paid in accordance with §§ 17b-224 and 17b-93. The issue of the state's right to assert a claim for full setoff for the amount of assistance paid was addressed by court in Morrill v. Lensick, CV 246957 (Conn.Super. New Haven, August 25, 1987 (Flanigan, J.)). In Morill, the plaintiff, while a resident of Southbury Training School sustained CT Page 15544 injuries as a result of an overdose of medication administered by an employee of the Department of Mental Retardation. Suit was brought against the state. In its answer, the state claimed setoff. The claim for setoff represented the full cost of services provided to the plaintiffs specifically the per capita cost of care or hospital stays at various state humane institutions. The plaintiff moved to strike the claim for setoff on the grounds that C.G.S. §§ 17-83 (f) (now § 17b-94) limited a recovery by the state to the amount of assistance paid or 50% of the proceeds of the recovery whichever is less. In that case, the plaintiff argued as in this case that the state was not entitled to a setoff in the full amount o benefits paid, but rather was subject to the statutory limitations referenced in § 17-83 (f) (now § 17b-94), the court (Flanigan, J.) held that:
 The court is of the opinion that the purpose of the statute is to limit the participation by the State in any recovery from a third party realized by a recipient of benefits. The statute does not deprive the State of a valid setoff to any liability sought to be imposed upon it. Motion to Strike is denied.
Thus the court interpreted the statute as inapplicable to cases where the state is the alleged tortfeasor. The court found no logic in limiting the state's claim of setoff in cases where the state itself is being sued. This court agrees with the court in the Morrill case and finds that the state is entitled to a full setoff of the award. Accordingly, the court finds that even though the plaintiff had a medical bill of $305.00 and claimed $50,000.00 noneconomic damages, that amount is totally setoff by the amount owed to the state which is over $1,000,000.00. The court, therefore, finds that the state has a right to assert its full claim of setoff for the amount of damages paid to Mr. Mitchell and, therefore, enters judgment for the defendant the State of Connecticut.
D. Michael Hurley, Judge Trial Referee